IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Rodney Holmes, ) | |
| ) | Cr. No. 1:05-1253 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Movant Samuel Rodney Holmes is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Estill in Estill, South Carolina. On December 8, 2010, Movant, proceeding pro se, filed the within motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. On February 2, 2011, Respondent United States of America filed a motion to dismiss. By order filed February 4, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response on April 11, 2011.

The Court of Appeals affirmed Movant's conviction and sentence on July 30, 2009. The Fourth Circuit issued its mandate on August 21, 2009. Movant thereafter had ninety days, until November 21, 2009, to file a petition for writ of certiorari. Therefore, Movant's one year limitation period commenced on November 22, 2009. See Clay v. United States, 437 U.S. 522, 532 (4th Cir. 2003). Movant had until November 22, 2010 to file his § 2255 motion. Movant's § 2255 motion is dated December 6, 2010, and filed December 8, 2010. Movant's motion is denied as untimely. See United States v. Harris, 5 F. App'x 165 (4th Cir. 2001).

Even if Movant's § 2255 motion were timely filed, his claims fail on the merits.

I. FACTS

Movant was the subject of a undercover operation to purchase drugs on February 27, 2002 The operation was headed up by Martin E. Sawyer, Jr. and Wayne Clark of the Aiken, South Carolina Department of Public Safety and Gene Walker Nix, Jr. and Mike Jones of the Aiken County Sheriff's Department. The law enforcement officers utilized an informant to contact Movant and arrange a purchase of crack cocaine. Jury Trial, Vol. I, ECF No. 124, 70. The informant, while under surveillance and wearing a recording device, entered a white Cadillac on Park Avenue in Aiken, South Carolina and completed the controlled purchase. ECF No. 124, 98, 183. Jones, listening to the conversation between the informant and the other occupant of the vehicle, identified Movant's voice. Id. at 183. After the informant exited the Cadillac, Sawyer and Nix retrieved the informant and 24.13 grams of crack cocaine. Id. at 76. Clark and Jones followed the Cadillac and obtained the tag number. Id. at 98. They continued to follow the Cadillac to a convenience store where Movant pulled up to the gas pumps. Id. at 100. Clark was familiar with the white Cadillac and knew it was generally parked near a trailer where Movant lived. Id. Jones was familiar with the white Cadillac and observed Movant to be the driver. Id. at 185. Jones advised Sawyer and Nix over the radio that Movant was driving the vehicle. Id. On June 28, 2002, Movant was arrested on state charges of trafficking in cocaine. Id. at 186. Movant was driving the white Cadillac when he was arrested. Id. at 187. It was determined that the vehicle was registered in the name of Eleanore Moore, Movant's mother. Id. at 187.

Movant was indicted in federal court on December 7, 2005, for conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); and possession with

intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(B) (Count Two). Movant elected to proceed to trial.

On May 9, 2007, the court held a pretrial conference. Defense counsel requested a continuance based on Movant's perception that he was not fully prepared to move forward. Motions Hearing, ECF No. 127, 3. An Assistant United States Attorney (AUSA) informed the court that she had a discussion with Movant and counsel explaining the case that would be brought against him. The AUSA stated that Movant was knowledgeable about the statements made against him by the government witnesses. Id. at 3-4. The AUSA stated that defense counsel had been provided discovery on March 28, 2007, with the exception of a statement by Keith Butler, which, because of the AUSA's oversight, had been provided to defense counsel only the previous day. Id. at 7. The court denied the motion for a continuance. Trial commenced on May 14, 2007. The government presented testimony of Sawyer, Clark, Nix, and Jones. In addition, the government presented testimony of Keith Butler. Butler testified that Movant lived at a trailer park in Aiken, South Carolina. Jury Trial, Vol. I, ECF No. 124, 48. Butler testified that his cousin introduced him to Movant in 1996. According to Butler, he and his cousin visited Movant in 1996 in order to manufacture crack cocaine. Butler testified that he observed Movant cooking cocaine into crack using baking soda and water. Id. at 50. Butler testified that Movant cooked one ounce at a time, and would put the crack into sandwich bags for sale. Butler's cousin then paid Movant for his efforts. Id. at 52. On the first occasion Butler was at Movant's home, Movant repeated the process seven to nine times. Id. at 51. Butler testified that he went to Movant's home about seven times between 1996 and 2000 and repeated the same process. Id. at 54. Butler testified that Movant drove a small red pickup truck and a white Cadillac. Id. at 57. Butler also testified that one night when he took

his cousin to Movant's home, a sawed off pump shotgun was sitting in the corner by the kitchen table. Id. When Butler's cousin asked to see the shotgun, Movant replied in the negative, saying "Oh, this is my baby right here, un-huh." Id.

During the second day of trial, counsel for Movant attempted to admit the registration and certificate of title of the white Cadillac. The government objected on the grounds that the documents had not been produced in discovery in a timely manner. Jury Trial, Vol. II, ECF No. 125, 62-64. The court did not allow the documents to be admitted into evidence. Id. at 65. Ms. Moore thereupon testified that she had purchased the white Cadillac on February 22, 2002 from a car dealership. Id. at 67. Ms. Moore testified that on February 28, 2002 she took the vehicle to be repaired because it was not running properly. Id. at 70. Ms. Moore further testified that she did not allow Movant to drive the vehicle from the time she purchased it through February 28, 2002, when she allowed Movant to drive it home from the repair shop. Id. at 79. She also testified that she did not give the Cadillac to Movant to drive until a couple of months after it was repaired. Id. at 77. Movant's girlfriend testified that Movant would travel from Aiken to Columbia, South Carolina to stay with her during the week, and that he drove a black Ford Taurus. Id. at 87. Movant's girlfriend testified that she believed he was most likely with her the night of February 27, 2002. Id. at 93.

After consulting with defense counsel and being cautioned by the court, Movant chose to take the stand. Movant testified that he had visited his girlfriend in Columbia during the time in question and that he had driven a burgundy Ford Regal and later a black Ford Taurus. Id. at 116. Movant testified that the first time he drove the white Cadillac was on February 28, 2002 when he picked it up to return to his mother. Id. at 117. Movant denied ever being in possession of crack cocaine except on January 13, 1997, when he purportedly found 3.98 grams of crack cocaine at an ex-

girlfriend's brother's house. Id. at 131.

On May 15, 2007, a jury found Movant guilty of Counts One and Two. Movant appeared before the court with new defense counsel for the purpose of sentencing on September 15, 2008. Movant was held accountable for 5,716.83 grams of crack cocaine and 2,000 grams of powder cocaine, yielding a total marijuana equivalent of 114,736.6 kilograms, which corresponded to a base offense level of 38. Sentencing Hearing, ECF No. 155, 5. Movant's base offense level was increased by two levels because Movant possessed a firearm while distributing crack cocaine. Movant also received a two-level adjustment for obstruction of justice, for a total offense level of 42. Id. at 37. Movant's objected to the drug weights, gun enhancement, and obstruction of justice increase; however, his objections were overruled. Id. at 30-31, 37.

Defendant's criminal history points included two points for driving under suspension in 1991; two points for driving under suspension in 1992; one point for driving under suspension in 1995; and one point for possession with intent to distribute crack cocaine on January 14, 1997, for a subtotal criminal history score of six. Because Movant was serving a three-year term of probation for possession of crack cocaine ordered on September 3, 1998 in connection with possession charge, two points were added, for a total criminal history points of eight, and a criminal history category of IV. Movant's guideline range was 324-405 months. However, because the conviction resulting from the January 13, 1997 charge was filed as an enhancement under 21 U.S.C. § 851, Movant was subject to a mandatory minimum sentence of 360 months as to Count One and 120 months as to Count Two. The court sentenced Movant to imprisonment for a period of 360 months as to each count, to run concurrently. The Court of Appeals for the Fourth Circuit affirmed the conviction and

sentence on July 30, 2009. See United States v. Holmes, 339 F. App'x 334 (4th Cir. 2009).[1]

On December 8, 2010, Movant, proceeding pro se, filed the within motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel as follows:

> GROUND ONE: Failure to present evidence independent of discovery prove counsel ineffective. Counsel [of] record failed to present discovery material in a timely manner already in her possession prove her to be ineffective being that the evidence was material and affected the outcome of the proceedings.
>
> GROUND TWO: Ineffective assistance for presenting evidence of prior conviction and no arguing it as relevant conduct. Counsel ineffective for failure to argue that [Movant's] prior conviction was relevant conduct and the 851 enhancement was improper.
>
> GROUND THREE: Ineffective assistance for failure to object to government non disclosure of discovery material. Ineffective assistance for failure to require government to be sanctioned for failing to disclose favorable discovery material of testifying witnesses.

ECF No. 170, 5-8.

## II. DISCUSSION

Because the court has considered matters outside the pleadings, Respondent's motion has been treated as one for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The evidence

---

[1] The Court of Appeals noted that Movant should not have been assigned two criminal history points for the 1991 sentence for driving under a suspended license where the sentence was sixty days custody for a $300 fine. The Court of Appeals further determined that the court erred by summarily overruling Movant's objection to the obstruction of justice adjustment without finding, by a preponderance of the evidence, that Movant's trial testimony constituted perjury. However, the Court of Appeals found the errors to be harmless because, even at a criminal history category of III and an offense level of 40, Movant's guideline range would remain 360 months to life.

presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id.

## Law/Analysis

Movant contends he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

A.  Failure to Present Timely Evidence

Movant contends that trial counsel had in her possession certain documents that would have challenged the credibility of the government's witnesses had they been admitted. According to Movant, defense counsel had the documents in her possession for several months but failed to review them or to exchange them with the government pursuant to their reciprocal discovery agreement. Movant has attached to his motion copies of a South Carolina Vehicle Registration for a Cadillac Seville issued to Eleanore H. Moore and dated February 22, 2002; a Certificate of Title in the name of Eleanore H. Moore for a 1995 Cadillac Seville issued March 13, 2002; a tax receipt showing a sale by Bob Gibbs Motors to Eleanore H. Moore dated February 22, 2002; an "As Is – Sold Without Warranty" disclaimer dated February 22, 2002 with respect to a 1995 Cadillac Seville sold to Eleanore H. Moore; a Policy Change Request form seeking insurance for a 1995 Cadillac Seville and signed by Eleanore H. Moore; an "As Is – Sold Without Warranty" disclaimer regarding a Ford Taurus sold to Angela Wooten; a repair bill for a 1995 Cadillac dated February 28, 2002; and an Experian personal credit report for Samuel Holmes dated June 4, 2009. See generally ECF No. 170-5.

Movant asserts that the documents excluded at the pretrial conference would have challenged the credibility of Jones' testimony regarding the registration of the vehicle used in the crime. Movant also contends that the documents would have refuted Butler's testimony that Movant cooked crack and kept a firearm in Movant's residence in 1996 when, according to Movant, the home in question was not purchased until June 1997.

Assuming for purposes of summary judgment that defense counsel was ineffective for failing to timely disclose the documents submitted by Movant, the court discerns no prejudice. Both

8

Movant and his mother testified extensively as to the ownership of the Cadillac and their contention that the vehicle was not operational on February 27, 2002.[2] The jury was able to view the government's witnesses as well as Movant and his mother, and weighed their testimony accordingly. Moreover, regarding Movant's residence in 1996, Butler testified that he visited Movant on a number of occasions between 1996 and 2000. Even if Movant did not reside in the trailer park until 1997 and Butler was confused about the date he met Movant, it is undisputed that Movant did, in fact, reside at the home identified by Butler. The jury observed Movant's testimony denying involvement with Butler and weighed his credibility. The court concludes that defense counsel's alleged error had no effect on the judgment. Movant's objection is without merit.

B.  Prior Conviction/Relevant Conduct

Petitioner contends that he received ineffective assistance because sentencing counsel did not present any argument that Movant's offense on January 13, 1997, constituted relevant conduct rather than a predicate offense for a § 851 enhancement. According to Movant, the January 13, 1997 offense was part of the same course of conduct or common scheme or plan as the conspiracy charged in the indictment, as contemplated by U.S.S.G. § 1B1.3(a)(2). It appears that Movant is contending that he should have received neither a criminal history point nor a § 851 enhancement for the January 13, 1997 offense. See Presentence Investigation Report, ECF No. 133, ¶ 12. Movant's criminal history category of III[3] would not have been changed by such a finding. However, Movant would

---

[2] Movant appears to argue that the Cadillac had not been purchased by February 27, 2002, the date of the offense; however, the record establishes that Movant's mother purchased the Cadillac on February 22, 2002.

[3] Utilizing the correct criminal history category noted by the Court of Appeals, based on six criminal history points.

not have been subject to the enhanced penalties under 21 U.S.C. § 841(b)(1)(a) absent a prior felony drug conviction, which would have lowered his statutory minimum sentence to 120 months from 240 months.

As an initial matter, the court notes that Movant's argument is contrary to his position during trial and at sentencing that he is innocent of the crime charged and that the January 13, 1997 offense was the only time that he possessed crack cocaine. Stated differently, Movant denied the existence of a conspiracy that he now argues the January 13, 1997 offense is part of.

As to the merits of Movant's claim, U.S.S.G. § 4A1.1 excludes convictions for conduct that qualifies as "relevant conduct" to the instant offense. United States v. Davis, 460 F. App'x 232, 234 (4th Cir. 2011) (citing U.S.S.G. § 4A1.2 cmt. n. 1). Relevant conduct is conduct that was part of the same course of conduct or a common scheme or plan as the offense of conviction, and it may be used to increase the defendant's base offense level. Id. (citing U.S.S.G. § 1B1.3(a)). "In drug cases, relevant conduct often includes a broader range of conduct than the conduct underlying the offense of conviction since it consists of all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Id. (quoting United States v. Young, 609 F.3d 348, 358 (4th Cir. 2010) (internal quotations omitted)). Pursuant to U.S.S.G. § 4A1.2, application note 1, a "prior sentence"

> means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See § 4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of section 1B1.3 (Relevant Conduct).

Under section 1B1.3, relevant conduct includes acts or omissions that occurred during the

commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

In this case, Movant's offense took place on January 13, 1997. Movant was sentenced on February 3, 1997. The indictment charged a conspiracy commencing in early 1998. Neither Movant's offense nor his sentence took place during the conspiracy time frame. The court concludes that the prior offense did not constitute relevant conduct. It is axiomatic that failure to raise a meritless claim cannot serve as a ground for ineffective assistance of counsel. See Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). In the court's view, sentencing counsel's performance was not deficient for failing to raise the issue of relevant conduct.

Moreover, Movant's sentence was driven by his guideline range, which, based on a total offense level of 42 and a criminal history category of III, was 360 months to life. Movant's guideline range would not have changed had the court agreed to disregard the § 851 enhancement. Thus, even if sentencing counsel was ineffective for not raising the issue of relevant conduct, Movant was not prejudiced because the § 851 enhancement did not affect his sentence. Movant's claim is without merit.

C.  Failure to Object to Governments' Failure to Provide Discovery Material

Movant contends that trial counsel was ineffective for failing to object to the government's failure to provide Keith Butler's statement along with other discovery on March 28, 2007. Movant also contends that trial counsel was unaware of the essence of the testimony presented by Vernon Clay Lawrence, who testified against Movant on the second day of trial. According to Movant, the government attempted to contact trial counsel on the Friday before trial commenced, but trial counsel did not return the phone calls. Movant contends that trial counsel was unable to effectively cross-

examine these witnesses.

As to Vernon Clay Lawrence, the record reveals that his statement was provided to trial counsel on March 28, 2007. Motions Hearing, ECF No. 127, 7. Further, as the government correctly argues, the government had no obligation to produce witness statements to the defense until the witness has testified on direct examination. See 18 U.S.C. § 3500. Thus, trial counsel possessed no ground to object to the production of the statements as untimely. Moreover, prior to the pretrial conference on May 9, 2007, the government conferred with Movant and trial counsel and apprised Movant "exactly what the case would be against him[.]" Motions Hearing, ECF No. 127, 3. The court finds that trial counsel possessed sufficient information to challenge the government's witnesses at trial. The court has also reviewed the testimony and finds that trial counsel vigorously cross-examined the government's witnesses. Movant's claim is without merit.

\* \* \*

On July 23, 2012, Movant filed a document wherein he asserts that his research has revealed prosecutorial misconduct, obstruction of justice, vindictiveness, additional instances of ineffective assistance of counsel, errors in his indictment, falsified information, errors in the presentence report, and double jeopardy violations. ECF No. 193. The court notes that direct appeal issues now asserted by Movant should have been raised in 2008, subsequent to sentencing. See Fed. R. App. P. 4. To the extent that Movant moves to amend his § 2255 motion to assert additional grounds for relief, his motion is denied.

### III. CONCLUSION

For the reasons stated, Movant's § 2255 motion is **denied and dismissed** with prejudice as untimely filed. Movant's motion to appoint counsel (ECF No. 169), motion for leave to file and to

extend time (ECF No. 191) are **denied as moot**.

IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

July 31, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**